SEND MAIL TO:
✓ ST. CLOUD
MAPLE GROVE

LIFEBACK
LAW FIRM, P. A.
EST. 1972
WE DON'T JUDGE YOU, WE HELP YOU GET YOUR LIFE BACK!™

November 9, 2026

TO: U.S. TRUSTEE, TRUSTEE, AND ALL CREDITORS

Re: CLIENTS

Bankruptcy Case No.: 26-40941

To Whom It May Concern:

Enclosed herewith and served upon you please find a Notice of Confirmation Hearing and Modified Chapter 13 Plan concerning the above-referenced bankruptcy case.

Your humble servant,

AMANDA M. ROSBACK

AMR / nha

Enclosure

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MINNESOTA**

---

In re:
Dawn Marie Valerius
Gerald Peter Valerius

Case No.26-40941
Chapter 13

Debtors

---

## NOTICE OF CONFIRMATION HEARING

PLEASE TAKE NOTICE that the Confirmation Hearing on the Chapter 13 Plan is scheduled on December 17, 2026 at 9:00 a.m., U.S. Bankruptcy Court, U.S. Courthouse, the hearing will be conducted telephonically. Please contact Judge Fisher's Courtroom Deputy by email at mnb_fisher_hearings@mnb.uscourts.gov or by telephone at 651-848-1061 to obtain the dial-in information.

Any objection to the modified plan shall be filed and served not later than 48 hours prior to the time and date set for the confirmation hearing.

Dated this 9th day of November, 2026.

LIFE BACK LAW FIRM, P.A.

/e/ AMANDA M. ROSBACK#0399772
Attorney for Debtor(s)
13 Seventh Avenue South
St. Cloud, Minnesota 56301
(320) 252-0330
Amanda@lifebacklaw.com

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| In re:<br><br>Dawn Marie Valerius<br>Gerald Peter Valerius<br>Debtor(s) | Case No. 26-40941<br><br>Chapter 13 |

**DECLARATION OF MAILING CERTIFICATE OF SERVICE**

On 11/9/2026, I did cause a copy of the following document(s), described below:

Notice of Confrimation Hearing, Modified Plan, Amended Fee App

to be served for delivery by the United States Postal Service, via First Class United States Mail, postage prepaid, with sufficient postage thereon to the parties listed on the mailing matrix exhibit, a copy of which is attached hereto and incorporated as if fully set forth herein.

I caused these documents to be served by utilizing the services of Stretto, an Approved Bankruptcy Notice Provider authorized by the United States Courts Administrative Office, pursuant to Fed.R. Bankr.P. 9001(9) and 2002(g)(4). A copy of the declaration of service is attached hereto and incorporated as if fully set forth herein. Said mailing matrix was downloaded from the District of Minnesota Bankruptcy Court's official court matrix on 11/9/2026.

Parties who are participants in the Courts Electronic Noticing System ("NEF"), if any, were denoted as having been served electronically with the documents described herein per the ECF/PACER system.

DATED: 11/9/2026

/s/ Amanda M. Rosback
Amanda M. Rosback
Bar No. 0399772
LifeBack Law Firm, PA
13 7th Avenue South
Saint Cloud MN 56301-0000
320-252-0330
Najami@lifebacklaw.com

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MINNESOTA**

In re:

Dawn Marie Valerius
Gerald Peter Valerius
Debtor(s)

Case No. 26-40941
Chapter 13

## CERTIFICATE OF SERVICE DECLARATION OF MAILING

On 11/9/2026, I did cause a copy of the following document(s), described below:

Notice of Confrimation Hearing, Modified Plan, Amended Fee App

were deposited for delivery by the United States Postal Service, via First Class United States Mail, postage prepaid, with sufficient postage thereon to the parties listed on the mailing matrix exhibit, a copy of which is attached hereto and incorporated as if fully set forth herein.

The undersigned does hereby declare under penalty of perjury of the laws of the United States that I have served the above referenced document (s) on the mailing list attached hereto in the manner shown and prepared the Declaration of Certificate of Service and that it is true and correct to the best of my knowledge, information, and belief.

DATED: 11/9/2026

Melissa Membrino
c/o Stretto
410 Exchange Ste 100
Irvine, CA 92602
(949) 222-1212
declaration@stretto.com

I certify that on 11/9/2026, I caused a copy of the Notice of Confrimation Hearing, Modified Plan and Amended Fee App to be served by First Class United States Mail service, with adequate postage to ensure delivery to:

EXHIBIT

| | | | | | |
|---|---|---|---|---|---|
| Minnesota Department of Revenue | | | Bankruptcy Section | PO Box 64447 | St Paul MN 55164-0447 |
| United States Attorney | | | 600 US Courthouse | 300 S 4th St | Minneapolis MN 55415-3070 |
| Wells Fargo Bank, N.A. | | | Po Box 10438 | | Des Moines IA 50306-0438 |
| Minneapolis | | | 301 Diana E. Murphy U.S. Courthouse | 300 South Fourth Street | Minneapolis MN 55415-1320 |
| AT&T | | | Attn: Bankruptcy Dept | 4331 Communications Dr, Flr 4W | Dallas TX 75211-1300 |
| RELIANCE RECOVERIES | | ATTN ACCOUNTS RECEIVABLE SERVICES | 6160 SUMMIT DR N | SUITE 440 | BROOKLYN CENTER MN 55430-2149 |
| AdaptHealth Minnesota | | | Towle Bldg. 2nd Ave and 4th St | 330 2nd Ave S Ste 150 | Minneapolis MN 55401-2256 |
| Allina Health System | | | 1010 Dale St N | | Saint Paul MN 55117-5603 |
| American Accounts & Advisers | | | 7460 80th St S | | Cottage Grove MN 55016-3007 |
| CMRE Financial Services | | | 2780 Snelling Avenue N STE 101 | | Saint Paul MN 55113-7115 |
| CentraCare | | | 1406 6th Ave N | | Saint Cloud MN 56303-1900 |
| CENTRAL RESOURCES | | | PO BOX 2270 | | ST CLOUD MN 56302-2270 |
| D.S Erickson & Associates | | | 7650 Edinborough Way | Suite 500 | Minneapolis MN 55435-6005 |
| FBCS | | | 330 S. Warminster Rd | Suite 353 | Hatboro PA 19040-3433 |
| First Community Bank | | | 500 Central Ave | PO Box 128 | Lester Prairie MN 55354-0128 |
| FIRST COMMUNITY BANK | | | P O BOX 4327 | | BATESVILLE AR 72503-4327 |
| Genesis FS Card Services | | | PO Box 4477 | | Beaverton OR 97076-4401 |
| Internal Revenue Service | | | Centralized Insolvency | PO Box 7346 | Philadelphia PA 19101-7346 |
| Jefferson Capital Systems, LLC | | | 2780 Snelling Avenue N | Suite 101 | Roseville MN 55113-7115 |
| JEFFERSON CAPITAL SYSTEMS LLC | | | PO BOX 7999 | | SAINT CLOUD MN 56302-7999 |
| Kohls/Capital One | | | Attn: Credit Administrator | PO Box 3043 | Milwaukee WI 53201-3043 |
| LVNV Funding | | | 2780 Snelling Avenue N | Suite 101 | Saint Paul MN 55113-7115 |
| LVNV Funding, LLC | | | Resurgent Capital Services | PO Box 10587 | Greenville SC 29603-0587 |
| MHealth Fairview ENT Clinic | | | Surgery Center | 909 Fulton St SE | Minneapolis MN 55455-4800 |
| MN Dept of Revenue | | | Attn: Denise Jones | PO Box 64447 | Saint Paul MN 55164-0447 |
| Malacko Law Office | | | PO Box 135 | | Cottage Grove MN 55016-0135 |
| Midland Credit Management | | | 2780 Snelling Avenue N ste 101 | | Roseville MN 55113-7115 |
| Midland Credit Management, Inc. | | | PO Box 2037 | | Warren MI 48090-2037 |
| Midwest Ear, Nose & Throat | | | 2080 Woodwinds Dr, Suite 120 | | Woodbury MN 55125-2524 |
| Midwest Radiology | | | 166 4th St E | | Saint Paul MN 55101-1474 |
| NMAC | | | Attn: Bankruptcy | PO Box 660366 | Dallas TX 75266-0366 |
| Navient | | | Attn: Bankruptcy | PO Box 9500 | Wilkes Barre PA 18773-9500 |
| Nelnet | | | 1010 Dale St N | | Saint Paul MN 55117-5603 |
| Nissan Motor Acceptance Co LLC | | | c/o Wilford Geske & Cook PA | 7616 Currell Blvd Ste 200 | Woodbury MN 55125-2296 |

| | | | | | |
|---|---|---|---|---|---|
| Nissan Motor Acceptance Company LLC | | | fka Nissan Motor Acceptance Corporation | PO Box 9013 | Addison TX 75001-9013 |
| North Memorial Air Care | | | 3300 Oakdale Ave N | | Minneapolis MN 55422-2900 |
| Nova Care Rehabilitation | | | 1245 15th St | | Saint Cloud MN 56303-1802 |
| PORTFOLIO RECOVERY ASSOCIATES LLC | | | PO BOX 41067 | | NORFOLK VA 23541-1067 |
| PennyMac Loan Services LLC | | | P.O. Box 2410 | | Moorpark CA 93020-2410 |
| PennyMac Loan Services, LLC | | | Attn: Bankruptcy | Po Box 514387 | Los Angeles CA 90051-4387 |
| Pyod, LLC | | | PO Box 10497 | | Greenville SC 29603-0497 |
| Radius Global Solutions LLC | | | 7505 Metro Blvd Ste 400 | | Edina MN 55439-3010 |
| Rayus Radiology | | | PO BOX 198207 | | Atlanta GA 30384-8207 |
| Spectrum | | | 4145 S Falkenburg Rd | | Riverview FL 33578-8652 |
| SUMMIT ORTHOPEDICS | | | 710 COMMERCE DRIVE STE 200 | | WOODBURY MN 55125-4925 |
| Synchrony Bank/Gap | | | Attn: Bankruptcy Dept | P.O. Box 965065 | Orlando FL 32896-5065 |
| The Dental Specialists | | | 3360 Northdale Blvd | | Coon Rapids MN 55448-1601 |
| US DEPARTMENT OF HOUSING AND URBAN DEVELOP | | | 477 MICHIGAN AVE #1600 | | DETROT MI 48226-2564 |
| US DEPARTMENT OF EDUCATION C/O NELNET | | | 121 S. 13TH STREET | | LINCOLN NE 68508-1911 |
| US Department HUD | | | 477 Michigan Ave #1600 | | Detroit MI 48226-2564 |
| USCB INC | | | ATTN ADMIN | 355 S GRAND AVENUE 32ND FLOOR | LOS ANGELES CA 90071-1550 |
| Wells Fargo Bank N.A. | | | 25 N Dale St. | | Saint Paul MN 55102-2227 |
| Wells Fargo Bank, N.A. | | | PO Box 10438, MAC F8235-02F | | Des Moines IA 50306-0438 |
| Wells Fargo Jewelry Advantage | | | Attn: Bankruptcy | Pob 10438 Mac F8235-02f | Des Moines IA 50306-0438 |
| Amanda M. Rosback | | | LifeBack Law Firm, PA | 13 -7th Avenue South | Saint Cloud MN 56301-4259 |
| Dawn Marie Valerius | | | 320 Lake Ave | | Big Lake MN 55309-8710 |
| Gerald Peter Valerius | | | 320 Lake Ave | | Big Lake MN 55309-8710 |
| Kyle Carlson | | | Chapter 13 Trustee | PO Box 519 | Barnesville MN 56514-0519 |

Local Form 3015-1
REVISED 09/2025

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In re:
**Dawn Marie Valerius**
**Gerald Peter Valerius**

Case No. **26-40941**
CHAPTER 13 PLAN ☑ Modified
Dated **November 9, 2026**

Debtor.
*In a joint case, "debtor" means "debtors" in this plan.*

**Part 1. NOTICE OF NONSTANDARD PLAN PROVISIONS, SECURED CLAIM LIMITATIONS, AND LIEN OR SECURITY INTEREST AVOIDANCE: The debtor must check the appropriate boxes below to indicate whether the plan does or does not include each of the following items:**

| | | | |
|---|---|---|---|
| 1.1 | A limit on the amount of a secured claim based on a valuation of the collateral for the claim, set out in Parts 6 or 14 | ☐ Included | ☑ Not included |
| 1.2 | Avoidance of a security interest or lien, set out in Part 14<br><br>**IDENTIFY ALL AFFECTED SECURITY INTEREST HOLDERS OR LIENHOLDERS:** | ☐ Included | ☑ Not included |
| 1.3 | Nonstandard provisions, set out in Part 15 | ☑ Included | ☐ Not included |

**Part 2. DEBTOR'S PAYMENTS TO TRUSTEE: The initial plan payment is due not later than 30 days after the order for relief, unless the court orders otherwise.**

2.1 As of the date of this plan, the debtor has paid the trustee $__ (including balance on hand of $__).

2.2 After the date of this plan, the debtor will pay the trustee $**54,551.00**.

| Plan payment | Start MM/YYYY | End MM/YYYY | # of payments | Total |
|---|---|---|---|---|
| **$494.58** | **04/2026** | **10/2026** | **7** | **$3,462.00** |
| **$937.00** | **11/2026** | **08/2030** | **46** | **$43,102.00** |
| **$1,141.00** | **09/2030** | **03/2031** | **7** | **$7,987.00** |
| | | | PART 2.2 SUBTOTAL: | **$54,551.00** |

2.3 The minimum plan length is ☐ 36 months or ☑ 60 months from the date of the initial plan payment unless all allowed unsecured claims are paid in a shorter time.
2.4 The debtor will also pay the trustee **will pay $650.00 by August 2029 and $756.00 by August 2028 for missed payments**.
2.5 The debtor will pay the trustee a total of $ **55,957.00** [lines 2.1 + 2.2 + 2.4].
2.6 If the debtor is required to file a tax return under applicable nonbankruptcy law, the debtor will file with appropriate tax authorities all returns and provide the trustee a copy of each filed return within 14 days of filing. The debtor will treat tax refunds as follows: **If the debtor receives a refund from the federal taxing agency but owes the state taxing agency (or vice-versa), the debtor will net the two out, and pay the trustee the amount over $1,200 for a single filer, or $2,000 for a joint filer (not including any Earned Income Credit or Working Family Credit). Any additional amounts shall be turned over to the Chapter 13 trustee as additional plan payments.**

**Part 3. PAYMENTS BY TRUSTEE AND TRUSTEE'S FEES:** Prior to confirmation of the plan, the trustee will pay from available funds payments designated as Adequate Protection ("Adq. Pro.") under Parts 6 and 7 to creditors with claims secured by personal property. All other funds will be disbursed by the trustee following confirmation of the plan as soon as is practicable. The trustee will pay from available funds only to creditors for which proofs of claim have been filed. The trustee is not required to retain funds for any claim for which a proof of claim has not been timely filed and may disburse those funds to other claimants. The trustee may collect a fee of up to 10% of plan payments, or $ **5,595.70** [line 2.5 x .10]. If relief from the automatic stay is ordered as to any item of collateral listed in the plan, then, unless otherwise ordered by the court, all payments by the trustee as to that collateral will cease, and all secured claims based on that collateral will no longer be treated by the plan.

**Part 4. EXECUTORY CONTRACTS AND UNEXPIRED LEASES [§ 365]:** The debtor assumes the following executory contracts or unexpired leases. The debtor will pay directly to creditors all payments that come due after the date the petition was filed. Cure provisions, if any, are set forth

Local Form 3015-1
REVISED 09/2025
in Part 5.

| | Creditor | Description of Property |
|---|---|---|
| | **-NONE-** | |

**Part 5. MAINTENANCE OF PAYMENTS AND CURE OF DEFAULT, IF ANY (§ 1322(b)(5)):** The debtor will maintain the current contractual installment payments on the claims listed below, with any changes required by the applicable contract and noticed in conformity with any applicable rules. These payments will be paid directly by the debtor unless otherwise specified below. The trustee will pay the arrearage amount listed in the proof of claim at the interest rate specified below, unless otherwise ordered by the court. The creditors will retain liens. All following entries are estimates, except for interest rate.

| | Creditor | Description of property | Arrears amount (if any) | Interest rate on arrears (if any) | Beginning in MM/YY | Monthly payment | # of pay-ment s | Remaining arrears payments | + *amount paid to date by trustee (mod. plan only)* | Total trustee arrears payments |
|---|---|---|---|---|---|---|---|---|---|---|
| 5.**1** | **US Department HUD** | **320 Lake Ave Big Lake, MN 55309 Sherburne County** | **0.00** | **0.00** | **04/2026** | **0.00** | **0** | **0.00** | **$0.00** | **$0.00** |
| | | | Current installment payment | Disbursed by: | | | Remaining trustee installment payments | | + *amount paid to date by trustee (mod. plan only)* | Total trustee installment payments |
| | | | **0.00** | ☑ Debtor ☐ Trustee | | | **$** | | **$** | **$0.00** |

| | Creditor | Description of property | Arrears amount (if any) | Interest rate on arrears (if any) | Beginning in MM/YY | Monthly payment | # of pay-ment s | Remaining arrears payments | + *amount paid to date by trustee (mod. plan only)* | Total trustee arrears payments |
|---|---|---|---|---|---|---|---|---|---|---|
| 5.**2** | **US Department HUD** | **320 Lake Ave Big Lake, MN 55309 Sherburne County** | **0.00** | **0.00** | **04/2026** | **0.00** | **0** | **0.00** | **$0.00** | **$0.00** |
| | | | Current installment payment | Disbursed by: | | | Remaining trustee installment payments | | + *amount paid to date by trustee (mod. plan only)* | Total trustee installment payments |
| | | | **0.00** | ☑ Debtor ☐ Trustee | | | **$** | | **$** | **$0.00** |

Local Form 3015-1
REVISED 09/2025

TOTAL: **$0.00**

**Part 6. SECURED CLAIMS SUBJECT TO MODIFICATION ("CRAMDOWN") PURSUANT TO § 506 (§ 1325(a)(5)):** The trustee will pay the amount set forth in the "Total payments" column below on the following secured claims if a proof of claim is filed and allowed. Notwithstanding a creditor's proof of claim filed before or after confirmation, if the plan has been served upon each of the affected creditors identified below in the manner provided for by Fed. R. Bankr. P. 7004, the amount listed in the secured claim amount column binds the creditor pursuant to 11 U.S.C. § 1327 and confirmation of the plan is a determination of the creditor's allowed secured claim, unless otherwise ordered by the court. For secured claims of governmental units, unless otherwise ordered by the court, the value of a secured claim listed in a proof of claim filed in accordance with Fed. R. Bankr. P. 3012(c) controls over any contrary amount. Unless otherwise specified in Part 15, the creditors listed in this Part retain the liens securing their allowed secured claims to the extent provided under 11 U.S.C. § 1325(a)(5)(B)(i). Any allowed unsecured portion of the claim will be paid under Part 10, Part 11, or Part 12.

| | Creditor | Est. claim amount | Secured claim amount | Int. rate | Adq. Pro. (Check) | Beginning in MM/YY | Monthly payment | # of payments | Remaining payments | +*amount paid to date by trustee (mod. plan only)* | = Total payments |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | ☐ | | | | | | |
| | | | | | | | | | | | |
| | | | | | | | | | | | |

TOTAL: **$0.00**

**Part 7. SECURED CLAIMS EXCLUDED FROM § 506 AND NOT SUBJECT TO MODIFICATION ("CRAMDOWN") (§ 1325(a)) (910 vehicles and other things of value):** The trustee will pay the amount of the allowed secured claim listed in the proof of claim, unless otherwise ordered by the court, at the interest rate set forth below. Any allowed unsecured portion of the claim will be paid under Part 10, Part 11, or Part 12. **All following entries are estimates, except for interest rate.** Unless otherwise specified in Part 15, the creditors listed in this Part retain the liens securing their allowed secured claims to the extent provided under 11 U.S.C. § 1325(a)(5)(B)(i).

| | Creditor | Est. secured claim amount | Int. rate | Adq. Pro. (Check) | Beginning in MM/YY | Monthly payment | # of payme nts | Remaining payments | +*amount paid to date by trustee (mod. plan only)* | = Total payments |
|---|---|---|---|---|---|---|---|---|---|---|
| **7.1** | **First Community Bank** | **$2,223.24** | **7.50** | ☑ | | | | | **$94.56** | **$2,647.29** |
| | | | | | **04/2026** | **$127.63** | **20** | **$2,552.73** | | |
| | | | | | | | | | | |

TOTAL: **$2,647.29**

| | Creditor | Est. secured claim amount | Int. rate | Adq. Pro. (Check) | Beginning in MM/YY | Monthly payment | # of payme nts | Remaining payments | +*amount paid to date by trustee (mod. plan only)* | = Total payments |
|---|---|---|---|---|---|---|---|---|---|---|
| **7.2** | **MN Dept of Revenue** | **$2,210.23** | **7.0** | ☐ | | | | | **$0.00** | **$3,757.39** |
| | | | | | **04/2026** | **$104.37** | **36** | **$3,757.39** | | |
| | | | | | | | | | | |

TOTAL: **$3,757.39**

**Part 8. PRIORITY CLAIMS UNDER § 507(a)(2) THROUGH (a)(10):** The trustee will pay the amount of the allowed priority claim listed in the proof of claim, unless otherwise ordered by the court. **All following entries are estimates.**

| | Creditor | Claim amount | Beginning in MM/YY | Monthly payment | # of payments | Remaining payments | + *amount paid to date by trustee (mod. plan only)* | = Total payments |
|---|---|---|---|---|---|---|---|---|
| **8.1** | **Attorney Fees** | **$4,000.00** | **04/2026** | **$200.00** | **20** | **$4,000.00** | **$0.00** | **$4,000.00** |
| **8.2** | **Internal Revenue Service** | **$24,314.40** | **04/2026** | **Pro Rata** | **Pro Rata** | **$24,314.40** | **$0.00** | **$24,314.40** |
| **8.3** | **MN Dept of Revenue** | **$4,799.09** | **04/2026** | **Pro Rata** | **Pro Rata** | **$4,799.09** | **$0.00** | **$4,799.00** |

TOTAL **$33,113.40**

Local Form 3015-1
REVISED 09/2025

**Part 9. DOMESTIC SUPPORT OBLIGATION CLAIMS UNDER § 507(a)(1):** The trustee will pay the amount of the allowed priority claim listed in the proof of claim, unless otherwise ordered by the court. **All following entries are estimates.**

| | Creditor | Claim amount | Beginning in MM/YY | Monthly payment | # of payments | Remaining payments | *+ amount paid to date by trustee (mod. plan only)* | = Total payments |
|---|---|---|---|---|---|---|---|---|
| | **-NONE-** | | | | | | | |
| | | | | | | | TOTAL | **$0.00** |

**Part 10. SEPARATE CLASSES OF UNSECURED CLAIMS:** In addition to the classes of unsecured claims specified in Part 11 and Part 12, there shall be separate classes of nonpriority unsecured claims including the following. The trustee will pay the nonpriority amount. listed in the proof of claim, unless otherwise ordered by the court. **All following entries are estimates, except for interest rate.**

| | Creditor | Unsecured claim amount | Interest rate (if any) | Beginning in MM/YY | Monthly payment | # of payments | Remaining payments | *+ amount paid to date by trustee (mod. plan only)* | = Total payments |
|---|---|---|---|---|---|---|---|---|---|
| | **-NONE-** | | | | | | | | |
| | | | | | | | | TOTAL | **$0.00** |

**Part 11. TIMELY FILED UNSECURED CLAIMS:** The trustee will pay holders of allowed nonpriority unsecured claims for which proofs of claim were timely filed the remaining funds received by the trustee and not paid under Parts 3, 5, 6, 7, 8, 9, and 10 on a pro rata basis. **All following entries are estimates.**

| | |
|---|---|
| Estimated nonpriority unsecured claims held by creditors listed in Parts 6, 7, and 14 | **$0.00** |
| + Total estimated nonpriority and not separately classified unsecured claims (excludes Parts 6, 7, 10, and 14 unsecured claims) | **$14,234.10** |
| = Total estimated nonpriority and not separately classified unsecured claims (excludes Part 10 claims) | **$14,234.10** |
| Projected percentage payment to unsecured claims (excludes Part 10 claims) | **76.0** |

| | |
|---|---|
| Estimated remaining payments | **$10,843.22** |
| *+ amount paid to date by trustee (mod. plan only)* | |
| = TOTAL estimated payments | **$10,843.22** |

**Part 12. TARDILY-FILED UNSECURED CLAIMS:** All money paid by the debtor to the trustee under Part 2, but not distributed by the trustee under Parts 3, 5, 6, 7, 8, 9, 10, and 11, will be paid to holders of allowed nonpriority unsecured claims for which proofs of claim were tardily filed. Tardily-filed claims remain subject to objection pursuant to 11 U.S.C. § 502(b)(9).

**Part 13. SURRENDER OF COLLATERAL AND REQUEST FOR TERMINATION OF STAY:** The debtor has surrendered or will surrender the following property to the creditor. The debtor requests that the stays under 11 U.S.C §§ 362(a) and 1301(a) be terminated as to the surrendered collateral upon confirmation of the plan.

| | Creditor | Description of property *(including complete legal description of real property)* |
|---|---|---|
| **13.1** | **Wells Fargo Jewelry Advantage** | **Charge Account** |

**Part 14. LIEN AVOIDANCE:** The judicial liens or nonpossessory, nonpurchase money security interests securing the claims listed below impair exemptions to which the debtor would have been entitled under 11 U.S.C. § 522(b). If the plan has been properly served upon each of the affected creditors identified below in the manner provided for by Fed. R. Bankr. P. 7004, a judicial lien or security interest securing a claim listed below will be avoided to the extent that it impairs such exemptions upon entry of the order confirming the plan, unless otherwise ordered by the court. The amount of the judicial lien or security interest that is avoided will be treated as an unsecured claim in Part 11 or Part 12, to the extent allowed. The amount, if any, of the judicial lien or security interest that is not avoided will be paid in full as a secured claim under the Part 6 or Part 7. See 11 U.S.C. § 522(f) and Fed. R. Bankr. P. 3012(b) and 4003(d). *Insert additional tables for each lien.*

| **Information regarding judicial lien or security interest** | | **Calculation of lien avoidance** | | **Extent of exemption impairment (check one)** |
|---|---|---|---|---|
| Creditor: | **-NONE-** | a. Amount of lien | | Line f is equal to or greater than line a. The entire lien is avoided. The amount of the unsecured claim is (line a): $ |
| Collateral: | | b. Amount of all other liens | | |
| Lien identification | | c. Value of claimed exemptions | | Line f is less than line a. A portion of the lien is |

Local Form 3015-1
REVISED 09/2025

| | | | | |
|---|---|---|---|---|
| (such as judgment date, date of lien recording, book and page number) | | d. Total of adding lines a, b, and c | | avoided. The amount of secured claim after avoidance (line a minus line f): $. The amount of the unsecured claim is (line f): $. |
| | | e. Value of debtor's interest | | |
| | | f. Subtract line e from line d. | | |

**Part 15. NONSTANDARD PROVISIONS:** The trustee may distribute additional sums not expressly provided for herein at the trustee's discretion. Any nonstandard provisions, as defined in Fed. R. Bankr. P. 3015(c), must be in this Part. Any nonstandard provision placed elsewhere in the plan is void.

| | |
|---|---|
| 15.1 | *** The plan is a step plan which will pay as follows: $494.58 Monthly for 7 months, than $937.00 Monthly for 46 months,than $1,141.00 Monthly for 7 months.** |
| 15.2 | **Penny Mac Loan Services LLC Claim: Trustee will make no payments on the claim due to relief being granted.**<br><br>**The Debtor(s) shall provide the trustee with copies of any pay stubs that reflect a bonus. Debtor(s) shall turnover net bonuses to the trustee within 10 days of receipt. Debtors shall retain bonuses received through July 2026 for necessary vehicle repairs.**<br><br>**Pursuant to 11 U.S.C. Section 1305, a proof of claim may be filed for taxes that become payable while the case is pending. The trustee will only pay 11 U.S.C. Section 1305 tax claims attributable to the taxable year in which the case concerning such debtor(s) was filed, and only to the extent funds are available.**<br><br>**APPROVAL NOT REQUIRED TO INCUR POST PETITION DEBT. Approval by the bankruptcy court, or Chapter 13 trustee, shall not be required prior to debtor incurring ordinary consumer debt while this case is pending. Letters of approval will not be provided by the Chapter 13 trustee and one is not needed for debtor to incur post-petition ordinary consumer debt in Minnesota. All parties in interest retain all rights regarding the treatment of this debt in future modified plans and motions to confirm such plans.**<br><br>**Upon the granting of relief from the automatic stay, the trustee shall cease payments on account of the secured portion of the applicable claim. For any claim arising from the granting of relief from the automatic stay, surrender, foreclosure, repossession, or return of any collateral to any creditor listed in Parts 4, 5, 6, 7, 8, 13 or Non-standard provisions, for any reason, including plan modification, the trustee shall pay such claim as a general unsecured claim upon amendment of the applicable claim. Any alleged balance of any claim to such creditor shall be discharged upon the debtor(s) receiving a discharge in this case, excluding The First Priority mortgage claim on debtor's principal residence.**<br><br>**All secured creditors being paid direct (outside the Chapter 13 plan) on the plan may, upon confirmation of the plan, send debtor monthly statements and are authorized to speak to debtor about post-petition payments.** |

**SUMMARY OF TOTAL ESTIMATED PAYMENTS:**

| Class of payment | | Total payments |
|---|---|---|
| Payments by trustee [Part 3] | $ | **5,595.70** |
| Maintenance of payments and cure of default, if any [Part 5] | $ | **0.00** |
| Secured claims subject to modification (cramdown) pursuant to § 506 [Part 6] | $ | **0.00** |
| Secured claims excluded from § 506 [Part 7] | $ | **6,404.68** |
| Priority claims [Part 8] | $ | **33,113.40** |
| Domestic support obligation claims [Part 9] | $ | **0.00** |
| Separate classes of unsecured claims [Part 10] | $ | **0.00** |
| Timely filed unsecured claims [Part 11] | $ | **10,843.22** |
| TOTAL (must equal line 2.5) | $ | **55,957.00** |

Certification regarding nonstandard provisions:
I certify that this plan contains no nonstandard provision except as placed in Part 15.

Signed: **/s/ Amanda M. Rosback**
**Amanda M. Rosback 0399772**
Attorney for debtor

Signed: **/s/ Dawn Marie Valerius**
**Dawn Marie Valerius**
Debtor 1

Signed: **/s/ Gerald Peter Valerius**
**Gerald Peter Valerius**
Debtor 2 (if joint case)